IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN CARTER,<br><br>                    Plaintiff,<br><br>     vs.<br><br>AMBER DAVIS, an individual; GARY<br>BURKE, an individual; MICHELLE SMITH,<br>and DEBORAH STAMM,<br><br>                  Defendants. | **7:19CV5011**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on defendants', Gary Burke ("Burke"), Michelle Smith ("Smith"), Deborah Stamm ("Stamm"), and Amber Davis ("Davis"), Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Filing No. 25, Filing No. 27, and Filing No. 29, and Plaintiff's Motion to Dismiss Defendant Smith as a party to this action, Filing No. 36. Plaintiff is pro se. Plaintiff alleges violations by the Defendants under the Civil Rights Act, 42 U.S.C. § 1983 and § 1981; the Fair Debt Collection Practices Act, 15 U.S.C. § 1692; the automatic stay provisions in bankruptcy, 11 U.S.C. § 362; and federal criminal statutes relating to conspiracy against rights, 18 U.S.C. §§ 241, 242, and 245. The Court has carefully reviewed the motions, briefs in support and opposition, and the relevant case law. The Court will grant the Plaintiff's Motion to Dismiss Defendant Smith as a party to this case. Additionally, the Court will grant all the remaining Defendants' Motions to Dismiss for the following reasons.

**BACKGROUND**

*Parties*

This case was removed to the United States District Court for the District of Nebraska from the District Court of Dundy County, Nebraska pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446 by Defendant Davis. Plaintiff John Carter ("Plaintiff") is an honorably discharged, disabled Marine Corps veteran and a resident of Benkelman, Nebraska in Dundy County. Plaintiff is employed as Chief Deputy Sheriff with the Dundy County Sheriff's Office. Plaintiff is the only and first black male hired by the Dundy County Sheriff's Office. Defendant Burke serves as County Attorney for Dundy County, Nebraska, as well as Assistant County Attorney for Perkins County, Nebraska and is being sued in his individual capacity. Defendant Smith is a resident of Dundy County, Nebraska and serves as the Deputy Clerk of Dundy County.[1] Defendant Stamm serves as a City Council member for the City of Benkelman, Nebraska in Dundy County and is being sued in her individual capacity. Defendant Davis serves as a revenue agent for the Nebraska Department of Revenue and is being sued in her individual capacity. Plaintiff is also suing Doe Defendants 1-10. Plaintiff is unaware of the identities of these additional Defendants but alleges that Does 1-10 are co-conspirators in this matter and are, therefore, also responsible for the injuries and damages Plaintiff has alleged.

---

[1] Plaintiff's complaint does not indicate specifically whether Smith is being sued in her individual or official capacity. In their motion to dismiss, Burke and Smith argue that Smith is being sued in her official capacity as the Plaintiff is silent on the issue.

*Facts*

On October 8, 2017, a levy was issued against Plaintiff for an outstanding balance of unpaid withholding taxes from tax year 2009. Filing No. 1-1 at 3.[2] On October 11, 2017, Plaintiff's wages from his employer, the Dundy County Sheriff's Office, were garnished for repayment of the alleged 2009 tax debt in the amount of $616.18. Filing No. 1-1 at 3. On April 5, 2018, Plaintiff received a "Response to Levy" from his employer, the Dundy County Sheriff's Office, in an effort to collect an additional tax debt in the amount of $4,505.82. Filing No. 1-1 at 3-4.[3] This levy was subsequently deemed to be an error and terminated by the Nebraska Department of Revenue, according to Plaintiff. Filing No. 1-1 at 4.

Plaintiff contends that the alleged tax debt from these two levies is related to the Carter Law Firm, LLC,[4] which is no longer a viable legal entity. Filing No. 1-1 at 3. Plaintiff asserts that both the Carter Law Firm, LLC and Carter individually filed for bankruptcy years ago, which has been discharged, without "any claim for the monies that Defendant had issued a levy for against the Plaintiff's wages." Filing No. 1-1 at 4-5. Plaintiff asserts that the sum requested is against Carter Law Firm, LLC, which would be a violation of the automatic stay requirement under the United States Bankruptcy Code and a violation of the Fair Debt Collection Practices Act. Filing No. 1-1 at 5.

---

[2] Plaintiff alleges in his complaint that Randy Vorderstrasse ("Vorderstrasse"), a Nebraska Revenue collection specialist, filed the 2017 tax levy against Plaintiff. Vorderstrasse is referenced several times throughout Plaintiff's complaint but is not a party to this case. Therefore, the facts involving Vorderstrasse might be used as evidence by Plaintiff, but no judgment can be entered against him as he is not a named Defendant in the instant case.

[3] Plaintiff alleges that this second tax levy was issued by Dawn White ("White"), a collection specialist for the Nebraska Department of Revenue. White is referenced several times throughout Plaintiff's complaint but is not a party to this case. Therefore, the facts involving White might be used as evidence by Plaintiff, but no judgment can be entered against her as she is not a named Defendant in the instant case.

[4] Plaintiff's complaint doesn't indicate whether the Carter Law Firm was owned by Plaintiff or how Plaintiff was involved with the Carter Law Firm.

A third tax levy was then issued against Plaintiff in September 2019. Filing No. 1-1 at 4. Plaintiff received another "Response to Levy" from his employer that was issued by Defendant Davis through the Nebraska Department of Revenue. Filing No. 1-1 at 4. Plaintiff alleges he was never served a "Demand or Notice or Summons and Complaint" before the Response to Levy was issued by Davis. Filing No. 1-1 at 4. Plaintiff asserts that Davis used the power of her office at the Nebraska Department of Revenue, under the color of law, to deprive Plaintiff of his due process rights in violation of both the United States and Nebraska Constitutions and the Nebraska Taxpayers Bill of Rights. Filing No. 1-1 at 4.

Plaintiff alleges the first time he was aware of this new tax levy was when he was notified by the Dundy County Clerk, who gave Plaintiff a copy of the Response to Levy issued by Davis. Filing No. 1-1 at 4. Plaintiff states he contacted Davis via telephone on September 3, 2019 and advised Davis that the amount sought was an error and requested Davis to "check her records and get a copy of the tax transcript from the Internal Revenue Service." Filing No. 1-1 at 5-6. Plaintiff alleges this debt has not been validated and is outside the statute of limitations for enforcement or collection under Nebraska law. Filing No. 1-1 at 6.

Davis said the tax debt she seeks to collect is from a joint income tax return filed by Plaintiff's former spouse in tax year 2010. Filing No. 1-1 at 6. Davis stated Plaintiff's former spouse had entered into an installment agreement with the Nebraska Department of Revenue but did not keep up with the agreement, so a levy was filed against Plaintiff to collect the remaining amount. Filing No. 1-1 at 6-7. Plaintiff alleges the amount sought is being unlawfully demanded and is suspiciously similar to the sum sought in the

terminated levy from 2018.  Filing No. 1-1 at 7.  Plaintiff alleges Defendant Davis and other conspirators violated the Fair Debt Collection Practices Act because they used deceptive and misleading representations in requesting the levy at issue in this case. Filing No. 1-1 at 9.

On September 17, 2019 Plaintiff received his paycheck and noticed a portion of it was garnished.  Filing No. 1-1 at 11.  Plaintiff then spoke with Defendant Smith who advised Plaintiff that she was instructed by Defendant Davis to proceed with the levy to collect on the unpaid taxes.  Filing No. 1-1 at 11.  Plaintiff asserts that Defendant Smith advised him that should Plaintiff quit or resign from the Dundy County Sheriff's Office, all his future earnings, vacation, sick pay and any other compensation should be "forfeited in total and sent directly to the Nebraska Department of Revenue."  Filing No. 1-1 at 11.

Plaintiff then contacted Defendant Burke on September 18, 2019 to inquire about his involvement in the levy of Plaintiff's wages.  Filing No. 1-1 at 12.  Defendant Burke admitted to speaking with Defendant Davis about the tax levy imposed on Plaintiff and to receiving a copy of the notice of levy from Defendant Smith.  Filing No. 1-1 at 12.  Plaintiff asserts he did not give express consent to these Defendants to share, discuss, or disseminate Plaintiff's tax information, which Plaintiff asserts is personal and confidential information.  Filing No. 1-1 at 12.  Plaintiff alleges Defendant Burke is trying to have Plaintiff dismissed as a Deputy Sheriff by attempting to have the County risk management insurer refuse to insure Plaintiff and by warning attorneys in the area that Plaintiff is an unreasonable risk to the community.  Filing No. 1-1 at 13.

Plaintiff asserts Defendant Stamm filed a false police report alleging Plaintiff had burglarized her residence.  Filing No. 1-1 at 13.  This report was sent to the Nebraska

Attorney General and investigated by the Nebraska State Patrol. The investigation concluded that the report was false. Filing No. 1-1 at 13. Defendant Burke and the Nebraska Attorney General did not charge Defendant Stamm for filing a false police report. Filing No. 1-1 at 13-14. Plaintiff asserts various other false reports have been filed but deemed to be false by the Nebraska Attorney General and State Patrol, but that no charges have been filed against the individuals who made the false claims. Filing No. 1-1 at 14.[5] Plaintiff asserts these actions are motivated by race and he is being discriminated against by Defendants, specifically Burke and Stamm. Filing No. 1-1 at 15.

Plaintiff asserts the matter in this case is capable of repetition but evading review because Plaintiff will continue to be discriminated against unless and until Defendants are forced to cease and desist from their discriminatory actions. Filing No. 1-1 at 16. Plaintiff alleges the Defendants are liable for damages in the amount of $1,000.00 per day per violation for each day the action for money damages is and was pending. Filing No. 1-1 at 16. Plaintiff requests a declaratory judgment against Defendants for their deceptive practices; an order for Defendants to cease and desist their unlawful discrimination; the tax levy against Plaintiff be terminated; all monies seized by Defendants be returned to Plaintiff; the Court award attorney's fees and costs if counsel is to be obtained; sanctions against Defendants for violation of the United States Bankruptcy Code; an award of damages in the amount listed above; and other relief the Court deems just and proper. Filing No. 1-1 at 17.

---

[5] Plaintiff alleges that Lester Beall ("Beall") is another individual who filed false police reports and continuously harassed Plaintiff. Beall is referenced as part of the conspiracy against Plaintiff but is not a party to this case. Therefore, the facts involving Beall might be used as evidence by Plaintiff, but no judgment can be entered against him as he is not a named Defendant in the instant case.

All Defendants have filed Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Filing No. 25, Filing No. 27, and Filing No. 29.  Plaintiff also filed a Motion to Dismiss a Party to release Defendant Smith as she is no longer deemed an essential or necessary party to this case.  Filing No. 36.

**STANDARD OF REVIEW**

Fed. R. Civ. P. 12(b)(6)

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3. (2007); *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  In deciding a motion to dismiss under Rule 12(b)(6), a court must accept the allegations contained in the complaint as true and draw reasonable inferences in favor of the nonmoving party.  *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010).  Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Courts follow a "two-pronged approach" to evaluate Rule 12(b)(6) challenges. *Iqbal*, 556 U.S. at 679. First, a court divides the allegations between factual and legal allegations; factual allegations should be accepted as true, but legal allegations should be disregarded. *Id.* Second, the factual allegations must be parsed for facial plausibility. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 677. The Court should not "incorporate some general and formal level of evidentiary proof into the 'plausibility' requirement of Iqbal and Twombly." *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012). The question at this preliminary stage is not whether a plaintiff might be able to prove its claim, but whether it has "adequately asserted facts (as contrasted with naked legal conclusions) to support those claims. *Id.*

The court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly*, 550 U.S. at 558, 556. When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Twombly*, 550 U.S. at 558; *Iqbal*, 556 U.S. at 679. Dismissal under Rule 12(b)(6) is appropriate only if it is clear that no relief can be granted under any set of facts that could be proven consistent with the allegations. *O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011).

A pro se plaintiff must set forth enough factual allegations to "nudge their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,*

550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

**DISCUSSION**

### *Plaintiff's Motion to Dismiss a Party*

Plaintiff moves to dismiss Defendant Smith from the instant case. Filing No. 36. Plaintiff asserts, after conducting informal discovery, that Defendant Smith is no longer an essential or necessary party in the case and should therefore be dismissed. Defendant Smith has not objected to this dismissal. The Court has reviewed the motion and relevant law and will therefore grant the Plaintiff's Motion to Dismiss Defendant Smith, without prejudice, as a party to this case, each to pay their own costs.

### *Defendant Burke Motion to Dismiss for Failure to State a Claim*

"The question of whether absolute or qualified immunity applies depends upon whether the prosecutor's acts were prosecutorial, investigatory or administrative in nature." *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 268-71 (1993)). Most public officials are entitled to only qualified immunity. *Buckley*, 509 U.S. at 268 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982); *Butz v. Economou*, 438 U.S. 478, 508 (1978)). "Under this form of immunity,

government officials are not subject to damages liability for the performance of their discretionary functions when 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Buckley*, 509 U.S. at 268 (citing *Harlow*, 457 U.S. at 818.).

When determining whether a government official should receive absolute or qualified immunity, courts apply a "functional approach," which looks to "the nature of the function performed, not the identity of the actor who performed it." *Buckley*, 509 U.S. at 269 (citing *Forrester v. White*, 484 U.S. 219, 229 (1988). Courts impose a two-part analysis when determining whether qualified immunity applies. Courts conduct a two-part inquiry to determine whether qualified immunity protects a government official from liability: 1) whether the facts taken in a light most favorable to the non-moving party make out a violation of a constitutional right; and (2) whether that right was clearly established at the time of the alleged violation. *Hoyland v. McMenomy*, 869 F.3d 644, 652 (8th Cir. 2017). The court has discretion in deciding which part of the inquiry to address first. *Id.* "'The determination of whether an officer is entitled to qualified immunity requires consideration of the "objective legal reasonableness" of the officer's conduct in light of the information he possessed at the time of the alleged violation.'" *Id.* (quoting *Winters v. Adams*, 254 F.3d 758, 766 (8th Cir. 2001)). The court must first determine whether a plaintiff has alleged the violation of a constitutional right. Second, the court must determine whether the right was clearly established at the time of the alleged violation. *Id.* at 577.

Plaintiff is suing Burke, the County Attorney for Dundy County, in his individual capacity. Filing No. 1-1, ¶ 4. Plaintiff first alleges Burke conspired with others to deprive

Plaintiff of property and money through the tax levy imposed.  Filing No. 1-1, ¶ 36. Second, Plaintiff asserts Burke disclosed disparaging information to people in the community about Plaintiff, in an effort to discredit him.  Filing No. 1-1, ¶ 63-64.  Lastly, Plaintiff alleges Burke declined to prosecute Stamm and others for filing false police reports against Plaintiff because of the conspiracy they have against him.  Filing No. 1-1, ¶ 68-70.

Plaintiff first argues Burke is not eligible for immunity because Burke was not engaging in functions related to his business as a County Attorney but rather was acting in his individual capacity when conspiring against Plaintiff.  Plaintiff asserts Burke's intentional racial discrimination does not fall within Defendant's scope of authority as a government official.  Second, Plaintiff states "the Court must ask whether the acts complained of, if done for a proper purpose, would be within or reasonably related to the 'outer perimeter' of an official's discretionary duties." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1282 (11th Cir. 1998).  Plaintiff argues Burke's actions of intentionally interfering with Plaintiff's liberties would not qualify as a lawful or proper purpose of Burke's discretionary duties.

Burke argues that a majority of the actions alleged by Plaintiff should be subject to the absolute immunity of a prosecutor.  Burke argues specifically the allegations regarding the disclosure of information to other attorneys in the area and the decision to not prosecute Stamm for her alleged false police report, both clearly fall under absolute immunity.  Burke also asserts his actions relating to discussions about the 2019 tax levy would be considered administrative functions and would fall under qualified immunity.

Burke's decision not to prosecute Stamm qualifies for absolute immunity. "Decisions relating to the initiation and dismissal of cases are at the very heart of a prosecutor's function as an advocate for the state," and absolute immunity applies to those decisions. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1268 (8th Cir. 1996). "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Id.* at 1266. Here, Burke's decision not to prosecute Stamm and others for filing false police reports is a traditional prosecutorial function that qualifies for absolute immunity.

Regarding qualified immunity, "a prosecutor is entitled only to qualified immunity when he pursues actions in an 'investigatory' or 'administrative' capacity.'" *Id.* (citing *Buckley*, 509 U.S. at 273). Qualified immunity is proper when the conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. at 818. Burke's conversations with other attorneys in the area, and discussions about Plaintiff's tax levy with revenue agent Davis and deputy clerk Smith were conducted in an administrative capacity and are considered discretionary functions of a prosecutor. Therefore, qualified immunity applies for these actions by Burke.

Plaintiff failed to allege sufficient facts to surpass the immunity bar. First, with regard to absolute immunity, Burke's decisions relating to the initiation or dismissal of a case is a prosecutorial function subject to absolute immunity. Plaintiff did not adequately allege facts to suggest otherwise. Second, with regard to qualified immunity, Plaintiff has not clearly identified what constitutional right Burke violated, nor that a constitutional right

was clearly established at the time of the alleged violation. Therefore, Burke's motion to dismiss will be granted based on the application of both absolute and qualified immunity.[6] Further, plaintiff alleges conclusory allegations in his complaint regarding race discrimination. He alleges no facts that support a claim of race discrimination. Conclusory allegations are insufficient to sustain such a claim. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### ***Stamm Motion to Dismiss for Failure to State a Claim***

*42 U.S.C. § 1983*

The essential elements of a 42 U.S.C. § 1983 claim are (1) the defendant acted under color of state law and (2) the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). "State action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). A plaintiff must assert the violation of a federal right. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 282 (2002).

Plaintiff asserts Stamm is an elected official with the City of Benkelman and filed a false police report alleging that Plaintiff burglarized her residence. Filing No. 1-1 at 13.

---

[6] Because Burke has immunity from this suit, the Court need not discuss the remaining issues in Burke's motion to dismiss.

Plaintiff contends Stamm has continuously harassed him by spreading false information related to Plaintiff's ability and fitness to serve in a law enforcement capacity. Filing No. 1-1 at 14. Plaintiff argues in response to Stamm's motion that Stamm knew or should have known that her conduct in filing a false police report was improper. Plaintiff concedes Stamm was not acting in her official capacity as a member of the city council and is not being sued as such, nor is relief being sought from the City of Benkelman.

Defendant Stamm argues Plaintiff has failed to allege facts sufficient to show that a deprivation of federal rights under color of state law has occurred. Stamm asserts § 1983 requires state action and that Plaintiff failed to properly allege facts demonstrating state action on behalf of Stamm. Stamm contends the allegation that Stamm is an elected official is not enough to show that any alleged wrongdoing constituted state action under § 1983. Stamm also argues Plaintiff failed to properly allege that Stamm deprived Plaintiff of any federal rights.

Plaintiff has not met the essential elements of a § 1983 claim. Plaintiff has not adequately alleged that Defendant Stamm acted under color of state law. Nor are there specific allegations in the complaint showing state action by Stamm. Although Stamm is a member of the Benkelman City Council plaintiff concedes, Stamm was not acting in his official capacity. Plaintiff has also not adequately pled which constitutionally protected federal right he was allegedly deprived. The allegations Plaintiff plead in his complaint are conclusory and not sufficient to create a cognizable §1983 claim. All Plaintiff alleges is Stamm filed a false police report and continued to harass him in furtherance of a conspiracy with other Defendants. These allegations at best describe a private action for defamation but do not provide a clear set of facts establishing that a constitutionally

protected federal right was present and therefore violated.  Therefore, Stamm's motion to dismiss is granted.

### *42 U.S.C. § 1981*

Section 1981 states:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981.

There are four elements to a § 1981 claim: (1) membership in a protected class, (2) discriminatory intent on the part of the defendant, (3) engagement in a protected activity, and (4) interference with that activity by the defendant.  *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 469 (8th Cir. 2009).  "While § 1981 prohibits racial discrimination in 'all phases and incidents' of a contractual relationship, the statute 'does not provide a general cause of action for race discrimination.'"  *Id.* at 468.  (citing *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001)).  "Any § 1981 claim, therefore, must initially identify an impaired 'contractual relationship,' § 1981(b), under which the plaintiff has rights."  *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006).  "The express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal damages remedy for the violation of rights guaranteed by § 1981 when the claim is pressed against a state actor."  *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989).

Plaintiff argues Defendants discriminated against him based on his race.[7]  Plaintiff argues he is a member of an ethnic and protected class and that he has a right to enjoy the work and privileges of any job he is qualified to do, as any white citizen would be entitled. Plaintiff argues the elements for a § 1981 claim have been met.

Defendant first argues Plaintiff has failed to identify an impaired contractual relationship.  Second, Defendant asserts Plaintiff has not alleged any discriminatory intent by Stamm, nor any engagement in a protected activity.  Third, Defendant contends Plaintiff failed to properly allege any facts supporting a § 1981 claim against Stamm.

Based on the factual allegations in the complaint and the relevant law in accordance with § 1981 claims, Plaintiff has failed to state a plausible claim for relief based on § 1981.  Plaintiff has failed to plead that there is an impaired contractual relationship with Stamm in which Plaintiff has rights.  The Court finds the allegations in Plaintiff's complaint fail to prove the three of the four required elements for a § 1981 claim. Plaintiff is clearly a member of a protected class, as he is a black male.  However, Plaintiff has not adequately alleged: (2) discriminatory intent on the part of the defendant, (3) engagement in a protected activity, nor (4) interference with that activity by the defendant. *Gregory,* 565 F.3d at 469.  Therefore, Defendant Stamm's motion to dismiss on § 1981 grounds is granted.

### *Conspiracy Claim*

To prove a 42 U.S.C. § 1983 conspiracy claim, a plaintiff must show: (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the

---

[7]  Although Plaintiff claims he is disabled, he does not make any allegations that relate to a disability claim.

conspiracy; and (3) that the overt act injured the plaintiff. *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008) (citing *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999)). "The plaintiff is additionally required to prove a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim." *Id.*

Plaintiff first argues Stamm violated Plaintiff's rights by subjecting him to a criminal investigation under false pretenses for a crime based upon his ethnicity. Plaintiff alleges Stamm filed a false police report and continuously harassed Plaintiff in order to disparage his image as a law enforcement officer in the community. Filing No. 1-1, ¶¶ 67-70. Second, Plaintiff contends Stamm conspired with Burke to place Plaintiff in a false light, which compromised Plaintiff's safety.

Defendant Stamm first argues Plaintiff has failed to allege sufficient facts to show a violation or an agreement by Stamm to violate Plaintiff's rights. Second, Stamm contends placing someone in a false negative light in the community is not a deprivation of a federal right and cannot serve as the basis of a § 1983 conspiracy claim. Lastly, Stamm argues there are not enough factual allegations to "support the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights." *Helmig v. Fowler*, 828 F.3d 755, 763 (8th Cir. 2016).

Plaintiff's allegations that a conspiracy exists are conclusory and are insufficient to state a claim for relief. Plaintiff did not plead sufficient facts to allege that (1) Stamm conspired with others to deprive Plaintiff of constitutional rights; (2) that at least one of the co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured Plaintiff. Additionally, in order for Plaintiff to prevail, he has to allege the violation of a constitutionally protected federal right. That was not done here. There are

no specific allegations relating to a federal right that was violated. Plaintiff simply states that defendants were conspiring against him and stops there. Therefore, Stamm's motion to dismiss based on the lack of a conspiracy claim is granted.

### Federal Criminal Statutes

In a previous case involving Plaintiff, the United States District Court for the District of Nebraska explained that there is no private right of action under 18 U.S.C. §§ 241, 242, or 245. *Carter v. Muldoon*, No. 8:17CV319, 2018 WL 2049841, at *4 (D. Neb. May 1, 2018). Judge Smith-Camp explained that "although a criminal statute may provide an implied private right of action if Congress so intended in enacting the criminal statute, it is well-settled that criminal statutes will rarely provide a private right of action." *Id.* (citing *Wisdom v. First Midwest Bank*, 167 F.3d 402, 407 (8th Cir. 1999); *Frison v. Zebro*, 339 F.3d 994, 999 (8th Cir. 2003)). "The Eighth Circuit has specifically held that 'there is no private right of action under § 241,' and many other courts that have considered whether §§ 242 and 245 confer a private right of action have concluded they do not." *Id.*

Plaintiff argues that he brought claims under the federal criminal statutes because "they are violations under the constitutional and civil rights statutes as well as violations of state law." Filing No. 32, ¶ 23. Plaintiff argues he is not seeking monetary relief for Stamm's violations, but rather an injunction for Stamm to cease and desist her "racially motivated false allegations against the Plaintiff." Filing No. 32, ¶ 24.

Stamm argues that the federal criminal statutes Plaintiff invokes do not provide Plaintiff a private right of action. Stamm relies on the *Carter v. Muldoon* case and argues that Plaintiff's claims under the federal criminal statutes should be dismissed.

The Court agrees with the analysis set forth in the *Carter v. Muldoon* case. The case established that there is no private right of action under §§ 241, 242 and 245. Therefore, Plaintiff cannot assert claims under these statutes. Thus, Stamm's motion to dismiss on this basis is granted.[8]

### ***Davis Motion to Dismiss for Failure to State a Claim***

#### *Qualified Immunity*

Plaintiff argues Davis, the Nebraska revenue agent who is sued in her individual capacity, is not entitled to qualified immunity. Plaintiff states "declaratory or other equitable action against a state officer or agent attacking the constitutionality of a statute or seeking relief from an invalid act or an abuse of authority by an officer or agent is not a suit against the state and is therefore not prohibited by principles governing sovereign immunity." *Concerned Citizens v. Department of Environ. Contr.*, 244 Neb. 152 (1993); *Bartels v. Lutjeharms*, 236 Neb. 862 (1991). Plaintiff argues a suit seeking to restrain a state official from performing affirmative acts is not within the rule of immunity. *State ex rel. Steinke v. Lautenbaugh*, 263 Neb. 652 (2002). Additionally, Plaintiff contends there is nothing in § 1983 that suggests persons acting under the color of law are exempted and allowed to discriminate against protected classes because of their status as state employees.

Defendant Davis first argues Plaintiff has failed to present a claim that Davis violated a constitutional right. Second, Davis contends Plaintiff has failed to sufficiently plead that a clearly established right was in place at the time of Davis's alleged wrongdoing. Third, Davis asserts Plaintiff has failed to plead facts establishing that Davis

---

[8] The Court's reasoning on this issue applies to all other Defendant motions related to the federal criminal statutes §§ 241, 242, and 245.

acted unreasonably or that a specific constitutional right was established, and therefore violated. Davis argues qualified immunity applies to her and bars Plaintiff's claims.

Plaintiff has failed to allege a cause of action against Davis in his complaint. He has alleged violations of the Equal Protection Clause of the Fourteenth Amendment, the Eighth Amendment, the Fair Debt Collections Act, 42 U.S.C. §§ 1981 or 1983, or 18 U.S.C. §§ 241, 242, or 245. However, they are conclusory and do not support a cause of action under the facts set forth in this complaint.

Nor, has the plaintiff has sufficiently alleged facts in his complaint to overcome the qualified immunity bar. The Court must determine whether Plaintiff has alleged a violation of a constitutional right and whether that right was clearly established at the time of the alleged violation. See *Hoyland*, 869 F.3d 644. Here, Plaintiff argues the main issue with Davis is that Plaintiff did not receive notice or an opportunity to pay or dispute any alleged unpaid tax debt. This allegation does not surmount to a constitutional right violation. Plaintiff does not allege with facts that Davis violated a specific constitutional amendment or a protected liberty. See *Pearson v. Callahan*, 555 U.S. 223 (2009). Because Plaintiff failed to meet the first part of the test, the second part of the test need not be addressed. Therefore, Davis's motion to dismiss based on qualified immunity and failure to state a claim is granted.

### *Violation of 11 U.S.C. § 362 (Bankruptcy)*

Plaintiff alleges Davis's actions in attempting to collect on the unpaid income tax debt resulted in a violation of the automatic stay provisions under 11 U.S.C. § 362. Plaintiff alleges that he advised Davis that any obligation to pay the tax debt, if lawfully owed, was discharged in a Chapter 7 Bankruptcy granted on September 22, 2014 in the

Southern District of California.  Filing No. 1-1 at 10.  Therefore, Plaintiff is arguing that the unpaid income taxes were discharged and not collectable now.

Davis contends Plaintiff has not alleged specifically the date in which he filed for bankruptcy.  Plaintiff has only alleged the date the bankruptcy discharge was granted.  Davis argues Plaintiff's assertion that his debt was discharged in 2014 does not provide sufficient factual information to assert that any unpaid taxes were actually discharged.  Davis asserts that if Plaintiff filed his bankruptcy less than three years after his last extension for 2010 taxes, Plaintiff's unpaid income taxes are not dischargeable under 11 U.S.C. § 523(a)(1)(A).

The automatic stay provision in bankruptcy, 11 U.S.C. § 362, lays out what is included in an automatic stay.  An automatic stay is an injunction that halts a creditors ability to collect from a debtor who has declared bankruptcy.  A later provision, 11 U.S.C. § 523(a)(1), describes the debts which are exceptions to discharge, which include taxes.  "A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—for a tax . . ."  11 U.S.C. § 523(a)(1).

There is not enough factual information to know when exactly Plaintiff's bankruptcy was filed in order to determine whether the unpaid taxes are dischargeable.  Plaintiff has only alleged the date in which the Chapter 7 Bankruptcy was granted.  The defendant argues this debt was not included in the bankruptcy.  Further, plaintiff failed to seek review of the determination of income tax delinquency within 60 days as required.  Neb. Rev. Stat. § 77-2778.  It does not appear that such a finding was appealed to the Tax Commissioner.  This appears to be a state court case, and no factual allegations support

jurisdiction over it in federal district court. Therefore, for these reasons Davis's motion to dismiss on this basis is granted.[9]

**THEREFORE, IT IS ORDERED THAT:**

1. Plaintiff's Motion to Dismiss Defendant Smith as a Party, Filing No. 36, is GRANTED.

2. Defendant Burke's Motion to Dismiss for Failure to State a Claim, Filing No. 25, is GRANTED.

3. Defendant Stamm's Motion to Dismiss for Failure to State a Claim, Filing No. 27, is GRANTED.

4. Defendant Davis's Motion to Dismiss for Failure to State a Claim, Filing No. 29, GRANTED.

5. A separate judgment in favor of the defendants will be entered in conjunction with this Memorandum and Order.

Dated this 13th day of April, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

[9] Because Davis has immunity from this suit, the Court need not address the remaining issues in Davis's motion to dismiss.